1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

FUNKO, LLC, a Washington limited
liability company,

Plaintiff,

v.

LOOT CRATE, INC., a Delaware
corporation,

Defendant.

No. 18-1753

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT;
(2) FALSE DESIGNATION OF ORIGIN;
and
(3) UNFAIR COMPETITION.**

15
16
17

For its causes of action against Defendant Loot Crate, Inc. ("Loot Crate"), Plaintiff

Funko, LLC ("Funko"), by and through its undersigned counsel alleges as follows:

18

## I.     INTRODUCTION

19
20
21

1.      Funko is a leading creator of and innovator in licensed pop culture products that

are sold to a diverse range of consumers.  Funko is known for its collectible figurines and related

consumer products, including its iconic and widely recognized POP!-branded line of goods.

22
23
24

2.      Loot Crate is profiting from and trading on the Funko brand by willfully and

unlawfully using Funko's trademark on Loot Crate's packaging to promote and sell Loot Crate's

products.  Funko seeks injunctive relief and damages arising from Loot Crate's infringement.

25
26

COMPLAINT
(No. 18-1753 ) – 1

142347206.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II.    PARTIES

3.    Funko is a Washington limited liability corporation with its principal place of business in Everett, Washington.

4.    Defendant Loot Crate, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California.

5.    This Court has subject matter jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338 because this action alleges violations of the Lanham Act (15 U.S.C. §§ 1114, 1125).  This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

6.    This Court has personal jurisdiction over Loot Crate because it purposefully directed its unlawful activities to this District.  Funko's principal place of business is in this District and, on information and belief, Loot Crate intentionally infringed Funko's intellectual property rights knowing that Funko is headquartered in Washington.  Loot Crate's products are available to customers in Washington through retail outlets such as Walmart and online from Walmart.com.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.    FACTS AND BACKGROUND

### Funko, Its Business, and Its Intellectual Property Rights

8.    Founded in 1998, Funko is a leading pop culture consumer products company. Funko designs, sources, and distributes licensed pop culture products across a diverse range of categories including vinyl figurines, action toys, plush, apparel, housewares and accessories for consumers who seek tangible ways to connect with their fandom.  Funko is well known for its collectible figurines, including its iconic POP!-branded goods.

9.    Funko markets and distributes its products, including its POP!-branded products under its registered trademarks, including the FUNKO and POP! marks.

COMPLAINT
(No. 18-1753 ) – 2

142347206.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    10.    Funko is consistently recognized as a leader in its market, receiving honors for its

2  innovative and high-quality products.  For instance, Funko was named People's Choice of the

3  Year at the prestigious 2018 Toy of the Year Awards for the second year in a row.  Funko also

4  received two Diamond Gem Awards for Manufacturer of the Year and 2017 Toy Line of the

5  Year for its POP!-branded goods.

6                         **Funko's FUNKO and POP! Trademarks**

7    11.    Since its founding in 1998, Funko has used the FUNKO mark in commerce in

8  association with collectible figurines.

9    12.    Since no later than July 2010, Funko has used the POP! mark in commerce in

10  association with collectible figurines.

11    13.    Since their first use, Funko has invested substantial resources in marketing,

12  advertising and distributing its collectibles and related products under the FUNKO and POP!

13  marks.

14    14.    Funko has attained substantial goodwill and strong recognition in the FUNKO

15  and POP! marks, and those marks have come to be exclusively associated with Funko.

16    15.    Through its use and promotion of the FUNKO and POP! marks, Funko has

17  established strong rights in those marks and the marks are entitled to protection.

18    16.    Funko owns several federal trademark registrations, including United States

19  Patent and Trademark Office Registration Nos. 5,323,229 and 3,123,203 for FUNKO (word and

20  design marks); and 4,746,429 for POP! (see table below).  True and correct copies of these

21  registrations are attached hereto as Exhibits A, B and C.

22

23

24

25

26

COMPLAINT
(No. 18-1753 ) – 3

142347206.1

| Registration No. | Mark | I.C.#: Goods and Services |
|---|---|---|
| 5323229 | *Funko* | IC 028: Collectible toy figures |
| 3123203 | FUNKO | IC 028: Dolls and toy figurines |
| 4746429 | POP! | IC 028: Dolls and toy figurines |

### Loot Crate's Unlawful Activities

17. On information and belief, Loot Crate's primary business is the sale of what it terms "fan subscription boxes." These boxes typically contain products around a pop culture theme such as TV shows, movies or video games.

18. On information and belief, Loot Crate recently started offering its boxes into the competitive retail market.

19. On information and belief, Loot Crate does not manufacture products to put in its boxes, rather, it re-packages popular products made by other companies such as Funko.

20. One box created and sold by Loot Crate is its Gaming Treasures box which, on information and belief, is sold exclusively through Walmart retail outlets across the United States and online through Walmart.com.

21. Images of the box sold through Walmart.com are below:

COMPLAINT
(No. 18-1753 ) — 4

142347206.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12





13
14
15
16
17
18
19
20
21
22
23
24
25
26

22.    The Gaming Treasures box contains various gaming related items.

23.    An image of Funko's Assassin's Creed Aguilar (Crouching) POP!-branded figurine is displayed prominently on the front and back of the box, next to an unauthorized copy of the FUNKO design mark.  An image of the top of the iconic head of the Funko figurine appears on two sides of the box, next to another unauthorized copy of the FUNKO design mark. Indeed, unauthorized copies of Funko's design mark appear on every side of the box.  And an image or partial image of the Funko figurine prominently appears on all but one side of the box.

COMPLAINT
(No. 18-1753 ) – 5

142347206.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    24.    The design of the packaging is such that the images of the Funko figurine

2    combined with the FUNKO design marks are more prominent than Loot Crate's name and

3    branding on the box.

4    25.    Additionally, Loot Crate makes an unauthorized use of Funko's POP! mark on the

5    bottom of the Gaming Treasures box.

6    26.    On information and belief, Walmart displays the Gaming Treasures box and

7    Funko products in the same dedicated collectibles section in the entertainment department of

8    more than 3,500 of its retail stores.

9    27.    On information and belief, Loot Crate's Gaming Treasures box prominently and

10   repeatedly displays the FUNKO design mark on its packaging so that consumers will incorrectly

11   believe the box is authorized or sponsored by Funko.

12   28.    On or around November 26, 2018, Funko became aware that Loot Crate was

13   using the FUNKO design mark on its Gaming Treasures box.

14   29.    Funko has not authorized Loot Crate to use Funko's trademarks on Loot Crate's

15   Gaming Treasures box or any of Loot Crate's other boxes or products.

16   30.    Loot Crate's unauthorized use of Funko's trademarks leads customers to believe

17   the Gaming Treasures box is authorized or sponsored by Funko when it is not.

18   31.    On November 28, 2018, Funko sent a cease and desist letter to Loot Crate

19   regarding Loot Crate's infringement.

20   32.    Despite receiving the cease and desist letter, Loot Crate continues to sell the

21   Gaming Treasures box using the FUNKO and POP! marks without authorization.

22   33.    Loot Crate's use of the FUNKO and POP! marks on the Gaming Treasures box is

23   not an isolated incident.  Rather, Loot Crate has repeatedly been and continues to be involved in

24   advertising, marketing, offering, and/or distributing products that infringe Funko's intellectual

25   property rights.

26

COMPLAINT
(No. 18-1753 ) – 6

142347206.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

34.     Funko has contacted Loot Crate on multiple occasions over the last several years to demand that Loot Crate stop making unauthorized use of Funko's intellectual property to sell Loot Crate's goods.

35.     Loot Crate has committed and is continuing to commit acts of trademark infringement.

36.     On information and belief, at a minimum, Loot Crate was willfully blind and acted in reckless disregard of Funko's registered trademarks.

37.     On information and belief, given Funko's past communications with Loot Crate regarding infringement of Funko's intellectual property, Loot Crate's use of the FUNKO and POP! marks in association with the Gaming Treasures box was willful.

38.     Funko has been harmed by Loot Crate's activities, including its advertising activities and the unauthorized use of the FUNKO and POP! marks to sell Loot Crate's goods.

**COUNT I:**
**Trademark Infringement**
**(15 U.S.C. § 1114)**

39.     Funko realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

40.     Loot Crate's activities constitute infringement of Funko's federally registered trademarks in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

41.     Because Funko advertises, markets, distributes, and licenses its products under the trademarks described in this Complaint, these trademarks are the means by which Funko products are distinguished from the products of others in the same or related fields.

42.     Because of Funko's long, continuous, and exclusive use of these trademarks, they have come to mean, and are understood by customers and the public to signify, products of Funko.

COMPLAINT
(No. 18-1753 ) – 7

142347206.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

43.     The infringing goods that Loot Crate has and is continuing to advertise, market, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

44.     Further, Loot Crate's activities are likely to lead the public to conclude, incorrectly, that the goods Loot Crate is advertising, marketing, offering, and/or distributing, including but not limited to its Gaming Treasures box, originate with or are authorized by Funko, to the damage and harm of Funko, its licensees, and the public.

45.     On information and belief, Loot Crate advertised, marketed, offered or distributed infringing materials with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading on Funko's business reputation.

46.     At a minimum, Loot Crate acted with willful blindness to and in reckless disregard of Funko's registered marks.

47.     Indeed, on information and belief, given past communications with Funko, Loot Crate was well aware of Funko's intellectual property and its use of the FUNKO and POP! marks in association with the Gaming Treasures box was willful.

48.     As a result of the wrongful conduct, Funko has suffered damages and Loot Crate is liable to Funko for trademark infringement.  15 U.S.C. § 1114(1).

49.     Funko is entitled to recover damages, which include any and all profits Loot Crate has made as a result of the wrongful conduct.  15 U.S.C. § 1117(a).

50.     In addition, because Loot Crate's infringement of Funko's trademarks as described above was done with either willfulness, or at minimum, willful blindness to and in reckless disregard of Funko's registered marks, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).

51.     Alternatively, Funko is entitled to statutory damages under 15 U.S.C. § 1117(c).

COMPLAINT
(No. 18-1753 ) – 8

142347206.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    52.    Funko is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to

2    an order compelling the impounding of all infringing materials advertised, marketed, offered or

3    distributed by Loot Crate pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A).  Funko

4    has no adequate remedy at law for Loot Crate's wrongful conduct because, among other things,

5    (a) Funko's trademarks  are unique and valuable property which have no readily determinable

6    market value, (b) Loot Crate's infringement constitutes harm to Funko such that Funko could not

7    be made whole by any monetary award, (c) if Loot Crate's wrongful conduct is allowed to

8    continue, the public is likely to become further confused, mistaken, or deceived as to the source,

9    origin or authenticity of the infringing materials, and (d) Loot Crate's wrongful conduct, and the

10   resulting damage to Funko, is continuing.

11   53.    Funko is also entitled to recover its attorneys' fees and costs of suit under

12   15 U.S.C. § 1117.

13                              **COUNT II:**
                     **False Designation of Origin**
14                       **(15 U.S.C. § 1125)**

15   54.    Funko realleges and incorporates by reference the allegations in the preceding

16   paragraphs as if fully set forth herein.

17   55.    Because Funko advertises, markets, distributes, and licenses its products under the

18   trademarks described in this Complaint, these trademarks are the means by which Funko's

19   products are distinguished from the products of others in the same or related fields.

20   56.    Because of Funko's long, continuous, and exclusive use of these trademarks, they

21   have come to mean, and are understood by customers and the public to signify, products or

22   services of Funko.

23   57.    Funko has also designed distinctive and aesthetically pleasing displays, logos,

24   icons, graphic images, and packaging (collectively, "Funko visual designs") for its products.

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    58.    Loot Crate's wrongful conduct includes the use of Funko's marks, name, and/or

2    imitation visual designs, specifically displays, logos, icons, and/or graphic designs virtually

3    indistinguishable from Funko visual designs, in connection with its goods and services.

4    59.    On information and belief, Loot Crate engaged in such wrongful conduct with the

5    purpose of misleading or confusing customers and the public as to the origin and authenticity of

6    the goods and services advertised, marketed, offered or distributed in connection with Funko's

7    marks, name, and imitation visual designs, and of trading on Funko's goodwill and business

8    reputation.  Loot Crate's conduct constitutes (a) false designation of origin, (b) false or

9    misleading description, and (c) false or misleading representation that the imitation visual images

10   originate from or are authorized by Funko, all in violation of § 43(a) of the Lanham Trademark

11   Act, set forth at 15 U.S.C. § 1125(a).

12   60.    Loot Crate's wrongful conduct is likely to continue unless restrained and

13   enjoined.

14   61.    As a result of Loot Crate's wrongful conduct, Funko has suffered and will

15   continue to suffer damages.  Funko is entitled to injunctive relief and to an order compelling the

16   impounding of all imitation marks and visual designs being used, advertised, marketed, offered

17   or distributed by Loot Crate.  Funko has no adequate remedy at law for Loot Crate's wrongful

18   conduct because, among other things, (a) Funko's marks, name and visual designs are unique

19   and valuable property which have no readily-determinable market value, (b) Loot Crate's

20   advertising, marketing, or distribution of imitation visual designs constitutes harm to Funko such

21   that Funko could not be made whole by any monetary award, and (c) Loot Crate's wrongful

22   conduct, and the resulting damage to Funko, is continuing.

23   62.    Funko is also entitled to recover its attorneys' fees and costs of suit under 15

24   U.S.C. § 1117.

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**COUNT III:**
**Washington Unfair and Deceptive Practices Act**
**(RCW 19.86.020)**

2

3      63.     Funko realleges and incorporates by reference the allegations in the preceding

4   paragraphs as if fully set forth herein.

5      64.     Loot Crate's activities constitute unfair methods of competition, and unfair or

6   deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

7      65.     Loot Crate's conduct affected and was contrary to the public interest, tended to

8   mislead a substantial portion of the public, and has injured Funko in its business and property.

9      66.     As a result of Loot Crate's conduct, Funko has been damaged and is entitled to

10  actual damages, treble damages, costs of litigation, attorneys' fees, and an injunction.

11                      **IV.      PRAYER FOR RELIEF**

12      **WHEREFORE,** Funko seeks the following relief:

13      (1)     That the Court enter a judgment against Loot Crate as indicated below:

14          (a)     that Loot Crate willfully infringed Funko's rights in the following

15  federally registered trademarks in violation of 15 U.S.C. § 1114:

16              (1)     5,323,229

17              (2)     3,123,203

18              (3)     4,746,429;

19          (b)     that the infringement described above was committed, at a minimum, with

20  willful blindness and/or reckless disregard;

21          (c)     that Loot Crate has committed and is committing acts of false designation

22  of origin, false or misleading description of fact, and false or misleading representation against

23  Funko, in violation of 15 U.S.C. § 1125(a);

24          (d)     that Loot Crate has engaged in unfair trade practices in violation of RCW

25  19.86.020; and

26

COMPLAINT
(No. 18-1753 ) – 11

142347206.1

1    (e)    that Loot Crate has otherwise injured the business reputation and business

2    of Funko by the acts and conduct set forth in this Complaint.

3    (2)    That the Court issue injunctive relief against Loot Crate, and that Loot Crate, its

4    directors, principals, officers, agents, representatives, servants, employees, attorneys, successors

5    and assigns, and all others in active concert or participation with Loot Crate, be enjoined and

6    restrained from:

7    (a)    imitating, copying, or making any other unauthorized and infringing use or

8    infringing distribution of Funko's registered trademarks, including, but not limited to, the

9    following Trademark Registration Nos.:

10    (1)    5,323,229

11    (2)    3,123,203

12    (3)    4,746,429;

13    and any other items or works now or hereafter protected by any Funko trademark;

14    (b)    manufacturing, assembling, producing, distributing, offering for

15    distribution, circulating, selling, offering for sale, advertising, importing, promoting, or

16    displaying any materials bearing any simulation, reproduction, counterfeit, copy, or colorable

17    imitation of any of Funko's registered trademarks, including, but not limited to, the Trademark

18    Registration Numbers listed in Section (1)(a) above;

19    (c)    using any simulation, reproduction, counterfeit, copy, or colorable

20    imitation of Funko's registered trademarks including, but not limited to the trademarks listed in

21    Section (1)(a) above, in connection with the manufacture, assembly, production, distribution,

22    offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or

23    display of any materials not authorized or licensed by Funko;

24    (d)    using any false designation of origin or false or misleading description or

25    false or misleading representation that can or is likely to lead the trade or public or individuals

26    erroneously to believe that any materials have been manufactured, assembled, produced,

COMPLAINT
(No. 18-1753 ) – 12

142347206.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  distributed, offered for distribution, circulated, sold, offered for sale, imported, advertised,

2  promoted, displayed, licensed, sponsored, approved, or authorized by or for Funko, when such is

3  not true in fact;

4          (e)      engaging in any other activity constituting an infringement of any of

5  Funko's trademarks, or of Funko's rights in, or right to use or to exploit, these trademarks; and

6          (f)      assisting, aiding, or abetting any other person or business entity in

7  engaging in or performing any of the activities referred to in subparagraphs (a) through (e)

8  above.

9          (3)      That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A)

10  impounding all counterfeit and infringing materials bearing any of Funko's trademarks, and any

11  related item, including business records, that is in Loot Crate's possession or under its control;

12          (4)      That the Court enter an order declaring that Loot Crate hold in trust, as

13  constructive trustee for the benefit of Funko, the illegal profits obtained from its distribution of

14  materials bearing infringing Funko's trademarks, and requiring Loot Crate to provide Funko a

15  full and complete accounting of all amounts due and owing to Funko as a result of Loot Crate's

16  unlawful activities.

17          (5)      That the Court order Loot Crate to pay Funko's general, special, actual, and

18  statutory damages as follows:

19          (a)      Funko's damages and Loot Crate's profits pursuant to 15 U.S.C.

20  § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages

21  pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

22          (b)      Funko's damages and Loot Crate's profits pursuant to Washington law.

23          (6)      That the Court order Loot Crate to pay to Funko both the costs of this action and

24  the reasonable attorneys' fees incurred by it in prosecuting this action; and

25          (7)      That the Court grant to Funko such other and additional relief as is just and

26  proper.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3   DATED:  December 6, 2018          By:  s/ Holly M. Simpkins
                                     Holly M. Simpkins, WSBA #33297
4                                    **Perkins Coie LLP**
                                     1201 Third Avenue, Suite 4900
5                                    Seattle, WA  98101-3099
                                     Telephone:  206.359.8000
6                                    Facsimile:  206.359.9000
                                     Email:  HSimpkins@perkinscoie.com
7
                                     Attorneys for Plaintiff Funko, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT                                        **Perkins Coie LLP**
(No. 18-1753 ) – 14                          1201 Third Avenue, Suite 4900
                                               Seattle, WA  98101-3099
                                               Phone:  206.359.8000
142347206.1                                      Fax:  206.359.9000

Exhibit A

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,323,229**

**Registered Oct. 31, 2017**

**Int. Cl.: 28**

**Trademark**

**Principal Register**

Funko, LLC (WASHINGTON LIMITED LIABILITY COMPANY)
2802 Wetmore Avenue
Everett, WASHINGTON 98203

CLASS 28: Collectable toy figures

FIRST USE 00-00-2015; IN COMMERCE 00-00-2015

The mark consists of the stylized wording of "FUNKO" with a crown above the letter "O".

OWNER OF U.S. REG. NO. 4881648, 4974869, 3123203

SER. NO. 87-404,982, FILED 04-10-2017



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

Exhibit B

**Int. Cl.: 28**

**Prior U.S. Cls.: 22, 23, 38 and 50**

**United States Patent and Trademark Office**

**Reg. No. 3,123,203**

Registered Aug. 1, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# FUNKO

FUNKO, LLC (WASHINGTON LTD LIAB CO)
SUITE 215
18702 NORTH CREEK PARKWAY
BOTHELL, WA 98011

    FOR: DOLLS AND TOY FIGURINES, IN CLASS 28
(U.S. CLS. 22, 23, 38 AND 50).

    FIRST USE 1-1-1998; IN COMMERCE 6-1-1998.

    THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

    SER. NO. 78-658,735, FILED 6-27-2005.

TEJBIR SINGH, EXAMINING ATTORNEY

Exhibit C

# United States of America
## United States Patent and Trademark Office

# POP!

**Reg. No. 4,746,429**
**Registered June 2, 2015**

FUNKO, LLC (WASHINGTON LIMITED LIABILITY COMPANY)
6306 202ND STREET SW
LYNNWOOD, WA 98036

**Int. Cl.: 28**

FOR: DOLLS AND TOY FIGURINES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 7-15-2010; IN COMMERCE 7-15-2010.

**TRADEMARK**

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-269,305, FILED 5-1-2014.

NELSON SNYDER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office