THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FUNKO, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>LOOT CRATE, INC., a Delaware corporation,<br><br>    Defendant. | No. 18-1753-TSZ<br><br>STIPULATED PROTECTIVE ORDER |

## 1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER –1
Case No. 18-1753-TSZ

143820439.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**2. CONFIDENTIAL and CONFIDENTIAL - OUTSIDE COUNSEL ONLY MATERIAL ("PROTECTED MATERIAL")**

2.1 "Protected Material" shall include "Confidential" material and "Confidential - Outside Counsel Only" material as defined below.

2.2 "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: confidential or commercially sensitive technical, sales, marketing, personal, or financial information of the producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or information that the producing party is under a legal obligation to maintain as confidential.

2.3 "Confidential - Outside Counsel Only" material shall include the following documents and tangible things produced or otherwise exchanged: (i) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); (ii) information or data relating to future products not yet commercially released and/or strategic plans; (iii) trade secret, or other confidential research and development information; and, (iv) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

**3. SCOPE**

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER –2
Case No. 18-1753-TSZ

143820439.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## 4. ACCESS TO AND USE OF PROTECTED MATERIAL

4.1    Basic Principles.  A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.  However, the obligations imposed by this protective order do not restrict or limit in any way a party's use of (i) its own Protected Material, (ii) any Protected Material that a party obtained from a public source, or (iii) any Protected Material that a party received independently of this case.

4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

 (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

 (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

 (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

 (d)    the court, court personnel, and court reporters and their staff;

 (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

STIPULATED PROTECTIVE ORDER –3
Case No. 18-1753-TSZ

143820439.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(f) independent contractors engaged by counsel of record for the parties, to the extent reasonably necessary to assist such counsel in connection with this litigation, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; (iv) non-technical jury or trial consulting services not including mock jurors; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators, provided that such persons or entities have first been given a copy of this Protective Order and have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Disclosure of "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" Information or Items. Protected Material designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY and the contents therein shall be available only to the persons or entities listed in paragraphs 4.2(a), (c), (d), (e), (f), and (h), subject to any terms set forth or incorporated therein, and not to any person or entity listed in paragraph 4.2(b) and 4.2(g).

4.4 Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party

Case No. 18-1753-TSZ

143820439.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER –5
Case No. 18-1753-TSZ

143820439.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

5.2     Manner and Timing of Designations.  Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.

(b)     Testimony given in deposition or in other pretrial or trial proceedings:  the parties and any participating non-parties must identify on the record, during the deposition, hearing, or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

Testimony given at deposition may be designated as Protected Material by outside litigation counsel of record by making a statement orally to that effect on the record at any time during the deposition.  Within fifteen (15) business days of receipt of the final certified transcript of any deposition, the producing party may request that the original and all copies of the deposition transcript, in whole or in part, be marked CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY.  Confidential designations shall be made by notifying all parties in writing of the specific pages and lines of the transcript that should be treated as Protected Material.  Deposition transcripts shall be treated by default as CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation unless otherwise agreed to by the parties.  Any portions so designated shall thereafter be treated in accordance with the terms of this Protective Order.  Objections to confidentiality designations under this paragraph shall be governed by the procedure set forth in Section 6 below.

STIPULATED PROTECTIVE ORDER –6
Case No. 18-1753-TSZ

143820439.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(c) <u>Other tangible items:</u> the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. Upon correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges.</u> Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATED PROTECTIVE ORDER –7
Case No. 18-1753-TSZ

143820439.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

6.3     Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

If a producing party does not take steps to prevent disclosure of the requested documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

STIPULATED PROTECTIVE ORDER –8
Case No. 18-1753-TSZ

143820439.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# 8. LIMITATIONS ON THE USE OF PROTECTED MATERIAL

8.1. <u>Restrictions on Use of Protected Material.</u>  All Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material.

8.2 <u>Examinations and Court Filings Concerning Protected Material.</u>  Except as may be otherwise ordered by the court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Material of which such person has prior knowledge.  When seeking to file with the court transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents that have been designated as Protected Material, the filing party must follow the procedure set forth in paragraph 4.4 of this Protective Order.

8.3 <u>Unauthorized Disclosure of Protected Material.</u>  If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, counsel for the party responsible for the disclosure must immediately (a) notify in writing opposing counsel of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  An unauthorized disclosure of Protected Material does not waive the protections conferred by this agreement.

STIPULATED PROTECTIVE ORDER –9
Case No. 18-1753-TSZ

143820439.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. Inadvertent or unintentional production of any document or thing subject to attorney-client privilege or work-product immunity shall not constitute a waiver of the attorney-client privilege or work-product immunity, if any, as they apply to those documents specifically or to the subject matter of those documents generally, either in this Action or in any subsequent action or other proceeding.

The parties agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product protection and request that the document or thing be returned to the producing party. Upon receipt of such written request, the receiving party must not use or disclose such documents or things or the information contained in them, and the receiving party shall promptly gather the original and all copies of such documents and things, take reasonable steps to retrieve the documents and/or information if the receiving party disclosed it before receiving the request, and shall promptly return (if a true original) or destroy the document and all such copies to the designating party.

Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product protection. The receiving party may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting an in camera review of the documents or things in question, but under no circumstances may the receiving party use the document or its contents in challenging an assertion of privilege or work product protection, and under no circumstances may the receiving

STIPULATED PROTECTIVE ORDER –10
Case No. 18-1753-TSZ

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

143820439.1

party assert as a ground for compelling production the fact or circumstance that the material has already been produced or disclosed.

**10. NON-PARTY USE OF THIS PROTECTIVE ORDER**

10.1 <u>Purpose.</u> A non-party producing discovery material voluntarily or pursuant to a subpoena or a court order may designate such discovery material as Protected Material pursuant to the terms of this Protective Order.

10.2 <u>Non-Party Access.</u> A non-party's use of this Protective Order to protect its Protected Material does not entitle that non-party access to the Protected Material produced by any party or non-party in this case.

**11. NON TERMINATION AND RETURN OF DOCUMENTS**

Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Material it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Material. All Protected Material not embodied in physical objects and documents shall remain subject to this Protective Order. Notwithstanding this provision, outside litigation counsel of record are not required to delete Protected Material that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected

STIPULATED PROTECTIVE ORDER –11
Case No. 18-1753-TSZ

143820439.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Material designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY for archival purposes only. If a party opts to destroy Protected Material designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, the party must provide a Certificate of Destruction to the producing party.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**12. MISCELLANEOUS PROVISIONS**

12.1. <u>Communications with Testifying Experts.</u> Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

12.2 <u>Post-Filing Communications.</u> No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of this action, which absent this provision, the party would have been obligated to so identify on said privilege log.

12.3 <u>Interpretation, Enforcement and Continuing Jurisdiction.</u> The United States District Court for the Western District of Washington is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to that discovery material that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this litigation. All disputes concerning Protected

STIPULATED PROTECTIVE ORDER –12
Case No. 18-1753-TSZ

143820439.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Western District of Washington.

    12.4    <u>Producing Party's Documents.</u>  Nothing in this Protective Order shall limit any producing party's use or disclosure of its own Protected Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 26, 2019

By: <u>/s/ Holly M. Simpkins</u>
Holly M. Simpkins, WSBA #33297
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: HSimpkins@perkinscoie.com

Attorneys for Plaintiff Funko, LLC

By: <u>/s/ Nicholas A. Brown</u> (per written authorization)
Nicholas A. Brown (*pro hac vice*)
Greenberg Traurig, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: 415-655-1300
Facsimile: 415-520-5609
Email: brownn@gtlaw.com

Brian G. Bodine, WSBA #22414
Lane Powell PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98111-9402
Telephone: 206-547-1914
Facsimile: 206-223-7107
Email: bodineb@lanepowell.com

Attorneys for Defendant Loot Crate, Inc.

STIPULATED PROTECTIVE ORDER –13
Case No. 18-1753-TSZ

143820439.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

2 | DATED: April 8, 2019.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

STIPULATED PROTECTIVE ORDER –14
Case No. 18-1753-TSZ

143820439.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# EXHIBIT A  ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Funko, LLC v. Loot Crate, Inc.*, No. 18-cv-1753-TSZ.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:

Signature:

DATED: By: _____

STIPULATED PROTECTIVE ORDER –15
Case No. 18-1753-TSZ

143820439.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000