UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FUNKO, LLC,

        Plaintiff,

v.

LOOT CRATE, INC.,

        Defendant.

C18-1753 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) With regard to the parties' joint submission under Local Civil Rule 37, docket no. 16, the Court ORDERS as follows:

    (a) <u>Interrogatories Nos. 2, 3, 7, and 9 and Requests for Production Nos. 3, 5, 9, 10, 11, 19, 20, 23, 24, 25, 26, and 27</u>: Plaintiff having withdrawn its motion to compel responses to these discovery requests, *see* LCR 37(a)(2) Joint Submission at 5-6 & n.1 (docket no. 16), the portions of the joint submission addressing them are STRICKEN as moot.

    (b) <u>Interrogatory No. 8</u>: Plaintiff's motion to compel a further response to this interrogatory, which asks for the sources of any images of plaintiff's products that were included in defendant's products, is GRANTED in part as to images owned by Funko that were used by Loot Crate. Defendant's response shall be due thirty (30) days from the date of this Minute Order.

    (c) <u>Request for Production ("RFP") No. 1</u>: Plaintiff's motion to compel is GRANTED in part as to documents concerning defendant's use of plaintiff's trademarks. Defendant shall produce within fourteen (14) days of the date of this

MINUTE ORDER - 1

Minute Order a list of all of its products sold on or after January 1, 2016, on which or in connection with which one or more of plaintiff's trademarks was used.

(d) <u>Request for Production No. 2</u>: Plaintiff's motion to compel is GRANTED in part as follows. To the extent it has not already done so, defendant shall produce, within thirty (30) days of the date of this Minute Order, a copy of the label and/or packaging for each of its products identified on the list required in Paragraph 1(c), above. Defendant's contention that plaintiff's claims are limited to only one of defendant's products, namely the "Gaming Treasures" box, is without merit. <u>See</u> Compl. at ¶¶ 29 & 33 (docket no. 1) (alleging that plaintiff "has not authorized Loot Crate to use Funko's trademarks on Loot Crate's Gaming Treasures box *or any of Loot Crate's other boxes or products*" and that "Loot Crate's use of the FUNKO and POP! marks on the Gaming Treasures box is not an isolated incident," but rather that "Loot Crate has repeatedly been and continues to be involved in advertising, marketing, offering, and/or distributing products that infringe Funko's intellectual property rights" (emphasis added)). Plaintiff's additional request in RFP No. 2 for documents showing the product packaging for each of defendant's products containing plaintiff's products (as opposed to using one or more of plaintiff's trademarks) is denied as overbroad.

(e) <u>Requests for Production Nos. 4, 7, 12, and 13</u>: Plaintiff's motion to compel, as narrowed by plaintiff to "seek documents regarding only Loot Crate's goods bearing or using Funko's trademarks," <u>see</u> LCR 37(a)(2) Joint Submission at 6 n.1 (docket no. 16), is GRANTED as follows. To the extent it has not already done so, defendant shall produce, within thirty (30) days of the date of this Minute Order, copies of advertising materials (RFP No. 4) and any executed contracts with third parties (RFP No. 7) relating to the products identified on the list required in Paragraph 1(c), above. Defendant shall also disclose, within thirty (30) days of the date of this Minute Order, to the extent it has not already done so, the annual gross and net profits (RFP No. 12) and the monthly amounts spent on advertising (RFP No. 13) in connection with the products identified on the list required in Paragraph 1(c), above.

(f) <u>Requests for Production Nos. 6 and 18</u>: Plaintiff's motion to compel is GRANTED in part with respect to the request in RFP No. 6 for documents relating to "your decision to use Funko's trademarks or images of Funko products on or in association with your goods." To the extent it has not already done so, defendant shall produce, within thirty (30) days of the date of this Minute Order, all non-privileged documents regarding any decision to use one or more of plaintiff's trademarks on the products identified on the list required in Paragraph 1(c), above. With respect to RFP No. 18 for documents concerning packaging generally (as opposed to the use of plaintiff's trademarks on the packaging) for the

"Gaming Treasures" box, plaintiff's motion to compel is DENIED because the request is overbroad and not proportional to the needs of the case.

    (g)    <u>Requests for Production Nos. 14, 15, and 16</u>: Plaintiff's motion to compel as to these RFPs is GRANTED in part as to documents showing its advertising and marketing of the Gaming Treasure box, and other Loot Crate boxes containing Funko products. Within thirty (30) days of the date of this Minute Order, defendant shall produce all non-privileged documents responsive to this request to the extent it has not already done so.

    (h)    <u>Request for Production No. 17</u>: Plaintiff's motion to compel as to RFP No. 17 is DENIED as overbroad and not proportional to the needs of the case.

    (i)    <u>Requests for Production Nos. 21 and 22</u>: Plaintiff's motion to compel as to these RFPs is DENIED. To the extent defendant has been sued by others for trademark or copyright infringement (RFP No. 21), such information is publicly available. To the extent defendant has entered into settlement agreements with others (RFP No. 22), plaintiff has not shown how such evidence would be admissible or relevant. *See* Fed. R. Evid. 408.

    (2)    With respect to all requests granted, if any materials are withheld on the basis of attorney-client privilege or the work-product doctrine, defendant shall provide an appropriate log contemporaneously with its disclosures pursuant to this Minute Order.

    (3)    Except as GRANTED, all other requests are DENIED.

    (4)    The Court DECLINES to award attorney's fees or costs in connection with the parties' joint submission under Local Civil Rule 37.

    (5)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of July, 2019.

                                            <u>William M. McCool      </u>
                                            Clerk

                                            <u>s/Karen Dews          </u>
                                            Deputy Clerk